**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARIA HERNANDEZ-SOLIS,

      Defendant - Appellant.

No. 07-1109
(D.C. No. 06-cr-00386-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Maria Hernandez-Solis pled guilty to a one-count indictment charging her with illegal re-entry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2). The district court sentenced her to 27 months imprisonment, followed by three years of supervised release. On appeal, Ms. Hernandez-Solis's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). We received no

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant counsel's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

response from Ms. Hernandez-Solis, and the government also declined to file a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

* * *

Authorities found Ms. Hernandez-Solis, a native of Mexico, in Colorado in August 2006, after she had been deported from the United States on five prior occasions. She was charged with one count of illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a). Because her prior deportation was subsequent to a conviction for an aggravated felony, Ms. Hernandez-Solis faced a possible prison sentence of up to 20 years, pursuant to 8 U.S.C. § 1326(b)(2). Ms. Hernandez-Solis pled guilty to the one-count indictment pursuant to a written plea agreement with the government.

Pursuant to the advisory United States Sentencing Guidelines ("Guidelines"), Ms. Hernandez-Solis's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). But because she had been deported following a conviction for an aggravated felony, the Guidelines recommended an 8-level enhancement. *See id.* § 2L1.2(b)(1)(C). Subtracting 3 levels for acceptance of responsibility, Ms. Hernandez-Solis's final suggested offense level was 13. Additionally, because of her prior convictions, Ms. Hernandez-Solis was classified at criminal history category level IV. That offense level and criminal

history category produced a proposed Guidelines sentencing range of 24-30 months imprisonment with 2-3 years of supervised release.

Ms. Hernandez-Solis did not challenge any aspect of the presentence report, which included the Guidelines range calculation and information about her background, family, and other potentially relevant factors. At the sentencing hearing, Ms. Hernandez-Solis's counsel requested a sentence at the "low end" of the Guidelines range, pursuant to the sentencing factors set out in 18 U.S.C. § 3553(a), because Ms. Hernandez-Solis "essentially grew up" in the United States and her children currently reside here. Sentencing Hr'g Tr. at 3-4.

There being no objection to the presentence report, the district court adopted its factual findings and Guidelines range calculation; the court also acknowledged it had taken "full consideration of the factors specified" in 18 U.S.C. § 3553(a). *Id.* at 5, 7. The court stated that, although it understood the circumstances that caused Ms. Hernandez-Solis "to keep coming back to this country," she has "a serious criminal history and does not appear to have been significantly deterred by prior prison sentences." *Id.* at 6. As a result, the district court imposed a sentence of 27 months—in the middle of the Guidelines range—finding that such sentence "is sufficient but not greater than necessary to achieve the statutory purposes of a sentence of incarceration, including the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate

deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Id.*

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In her *Anders* brief, counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea were not voluntary or (2) the sentence were unreasonable. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for either of these arguments.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The record indicates that the district court fulfilled the requirements

- 4 -

set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See* Plea Hr'g Tr. (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that she fully understood the charges against her and the consequences of the plea, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Ms. Hernandez-Solis has failed to put forward any evidence or arguments that would place the plea's validity in doubt, and so any appeal on these grounds would be frivolous.

We also fail to find any non-frivolous grounds for appeal as to the reasonableness of the sentence. As counsel points out, the sentence fell in the middle of the Guidelines range; as such, we accord it a presumption of reasonableness. *See Rita v. United States*, 127 S. Ct. 2456, 2462-63 (2007). Bearing in mind the various sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), we find no evidence indicating that the district court abused its discretion in any way in sentencing Ms. Hernandez-Solis. The district court explained its decision to impose a sentence in the middle of the Guidelines range in terms of the factors under 18 U.S.C. § 3553(a), remarking on Ms. Hernandez-Solis's criminal history and indicating that she "does not appear to have been significantly deterred by prior prison sentences." The court fully considered Ms. Hernandez-Solis's background and the applicable 18 U.S.C. § 3553(a) factors in fashioning her sentence. We can find no evidence indicating any possible grounds for appeal of this sentence.

* * *

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge